NOT FOR PUBLICATION                              [Docket No. 11]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                              :
JESSE CASTILLO,               :
                              :
            Plaintiff,        :   Civil Action No. 06-0033 (RMB)
                              :
      v.                      :   **OPINION**
                              :
DEVON BROWN, et al.,          :
                              :
            Defendants.       :
_____:

Appearances:

Jesse Castillo
SBI#456053-B
South Woods State Prison
215 Burlington Road South
Bridgeton, New Jersey 08302
        Plaintiff Pro Se

Keith S. Massey, Jr.
Office of the New Jersey Attorney General
Department of Law and Public Safety - Division of Law
25 Market Street
PO Box 112
Trenton, New Jersey 08625
        Attorneys for Defendants


**BUMB**, United States District Judge:

       This matter comes before the Court upon Defendants'

motion to dismiss in lieu of an answer pursuant to Fed. R. Civ.

P. 12(b)(6) or alternatively, for summary judgment pursuant to

1

Fed. R. Civ. P. 56.

For the reasons set forth below, Defendants' motion to dismiss and/or for summary judgment will be denied in part and granted in part.

**Introduction:**

The following facts were derived from Plaintiff's Brief in Opposition to Defendants' motion and his supporting Affidavits.[1]

Plaintiff Jesse Castillo is an inmate incarcerated at South Woods State Prison in Bridgeton, New Jersey.  Plaintiff has alleged that Defendants, the New Jersey Department of Corrections Commissioner Devon Brown, and Prison Administrator Kathryn MacFarland have, inter alia, refused to provide him with clean eating utensils, (he must reuse the same plastic utensils for every meal), causing sustained mouth infections; failed to provide hot water for showers for months; refused to provide free soap, toothpaste, and deodorant; and, refused to wash his sheets causing rashes on his body due to poor hygiene.  Plaintiff alleges that he notified the Defendants of these inadequacies and

---

[1] Plaintiff submitted a short Affidavit with a Legal Memorandum.  As the Legal Memorandum and its exhibits contain many factual claims, the Court will treat the accompanying Affidavit as incorporating those factual statements.  See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (construing pro se complaints liberally).

they failed to provide a remedy.

Plaintiff also alleges that he was denied legal access because he was forced to give up his litigation in order to receive things such as essential toiletries.  Although Defendants have moved to dismiss this claim in the instant motion, this claim was previously dismissed by the Honorable Jerome B. Simandle, sua sponte, by Order dated February 6, 2006. [Docket No. 2].  Accordingly, the Court need not address this issue.

Pursuant to the instant motion, Defendants have moved to dismiss in lieu of an answer, or alternatively, for summary judgment on the grounds that Plaintiff has failed to exhaust his administrative remedies.  Second, Defendants contend that Plaintiff's claims do not rise to the level of cruel and unusual conditions of confinement in violation of his Eighth Amendment rights.  Third, Defendants move on the grounds that Plaintiff has not shown any personal involvement by Defendants.

**Applicable Standard:**

a. *Motion to Dismiss*

A Rule 12 (b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied unless it appears that no relief can be granted under any set of facts that could be proved consistent with Plaintiff's allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  A district court is

"required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

The Court notes that, generally speaking, "[p]ro se submissions, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Then v. I.N.S., 58 F. Supp. 2d 422, 429 (D.N.J. 1999) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

However, a Complaint should be dismissed if, accepting all plaintiff's allegations and the reasonable inferences to be drawn therefrom, no relief could be granted under any set of facts to be proved. Watts v. IRS, 925 F. Supp. 271, 275 (D.N.J. 1996). There must be an actual, actionable claim underlying the Complaint's allegations. Hishon, 467 U.S. at 73.

b.      *Summary Judgment*

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact

4

and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 330 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the moving party. <u>Celotex</u>, 471 U.S. at 530. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. <u>Id.</u> at 331. If the moving party has not fully discharged its initial burden, motion for summary judgment must be denied. <u>Id.</u> at 332. If the moving party satisfies its initial burden, the nonmoving party "must set forth specific facts showing that there is an genuine issue for trial." Fed. R. Civ. P. 56(e).

"Throughout we bear in mind that, 'however inartfully pleaded,' the 'allegations of [a] <u>pro se</u> complaint [are held] to less stringent standards than formal pleadings drafted by lawyers.'" <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972)).

**Discussion:**

<u>Failure to Exhaust Administrative Remedies</u>:

A motion to dismiss for failure to exhaust

administrative remedies is treated as a Rule 12(b)(6) motion to dismiss. However, once the parties go "beyond the face of the pleadings" with regard to exhaustion, as they do here by attaching Plaintiff's grievance forms, courts should treat the issue "in a manner consistent with Rule 56 for summary judgment." Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, prisoners cannot contest prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004).

The Defendants contend that the record demonstrates that the Plaintiff failed to exhaust his administrative remedies.[2] Plaintiff claims in his Affidavit, however, that the

---

[2] Defendants encourage this court to adopt the "total exhaustion" requirement of Rivera v. Whitman, 161 F. Supp. 2d 337, 343 (D.N.J. 2001). Pursuant to this total exhaustion rule, a complaint raising any unexhausted claim must be dismissed in its entirety even if it also contains exhausted claims. This Court notes, however, that this interpretation of the "total exhaustion" has not been definitively deemed the rule in this Circuit. As stated by Judge Wolfson, in a recent unpublished decision, Hernandez v. Cullison, 2006 U.S. Dist. LEXIS 45505 at *34 n.6 (D.N.J. June 26, 2006),

> more recently, courts in this Circuit have declined to apply the total exhaustion rule when deciding motions by defendants in § 1983 actions that include both exhausted and unexhausted claims. See Moore v. Corr. Med. Servs., 2006 U.S. Dist. LEXIS 34178, No. 05-3525, 2006 WL 1478863, *4 (D.N.J. May 26, 2006) (Cavanaugh, J.) (declining to apply the total exhaustion rule); Abuhouran v. Morrison, 2005 U.S. Dist. LEXIS 19062, No.

6

Defendants have failed to exhibit the administrative requests for remedies filed by him and that the Exhibit "C" which contains the Plaintiff's requests and is attached to the Affidavit of Carlos Villar, the Executive Assistant at South Woods State Prison, is not exhaustive. Plaintiff claims that "[d]iscovery will exhibit those facts." In their reply, the Defendants criticize Plaintiff's attempt tp defeat their motion for summary judgment by arguing that Plaintiff's arguments regarding the "inmate computer tracking system" and letters to the Administrator or Commissioner are insufficient. At this juncture of the proceedings however, where discovery has not taken place, Plaintiff has presented a material question of fact as to whether or not he was denied the ability to exhaust his administrative remedies, a prerequisite to the filing of the within claims. Accordingly, the Defendants' motions based on failure to exhaust will be denied.

---

03-3091, 2005 WL 2140537, *6 n.28 (E.D. Pa. September 1, 2005) (Yohn, J.) ("because defendants have not raised a 'total exhaustion' argument, and because the issue remains unsettled in this circuit, I will assume for the purposes of this case only that the PLRA does not include a 'total exhaustion' component, and I will address the merits of plaintiffs' exhausted claims."); Boyd v. Pugh, 2005 U.S. Dist. LEXIS 26168, No. 04-1761, 2005 WL 1430087, *3 n.1 (M.D. Pa. June 17, 2005) ("In allowing the claim concerning the denial of adequate medical care to proceed, the Court declines to adopt the 'total exhaustion' rule argued by Defendants in light of the disagreement among the Circuits concerning the issue.").

Alleged Eighth Amendment Violation:

Plaintiff asserts that he has sustained mouth infections and body rashes because of the Defendants' failure to provide clean eating utensils, hot showers, and appropriate hygiene items. Plaintiff further alleges that the Defendants were aware of the conditions that caused his conditions.

It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 32 (1993). In order to state such a claim, a plaintiff must allege both an objective and subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991).

The objective component requires that the deprivation be sufficiently serious:

> extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.

Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotations omitted). The subjective element requires that a prison official acted with "a sufficiently culpable state of mind, i.e., deliberate indifference." Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

Liberally construing the Complaint, Plaintiff makes several allegations as to why the conditions of confinement were such that he was deprived of his Eighth Amendment Rights. Specifically, he alleges that he had to reuse eating utensils for every meal and that this resulted in mouth infections and that the failure to provide hot showers and free soap resulted in body rashes. At this juncture in the litigation, Plaintiff has satisfied the objective component of the test: he has alleged that the repeated denial of sanitary conditions over a period of time resulted in repeated infections. See Howard v. Adkinson, 887 F.2d 134, 137 (8th Cir. 1989) ("[i]nmates are entitled to reasonably adequate sanitation, personal hygiene and laundry privileges, particularly over a lengthy courser of time."); Lopez-Diaz v. County of Lancaster, 2003 U.S. Dist. LEXIS 4739 at *7 (E.D. Pa. Mar. 27, 2003) (stating that "[t]he alleged denial of adequate hygiene over an extended period of time resulting in a severe and persistent rash sufficiently states an objective serious deprivation for the purposes of the Eighth Amendment.").

While at this point, it cannot be definitively determined from the record whether the officials acted with deliberate indifference, Plaintiff makes allegations that the Defendants knew of the problems and were deliberately indifferent. He alleges that discovery will prove this. Plaintiffs allegations are sufficient to survive Defendants'

9

12(b)(6) motion. Moreover, discovery has not taken place and Defendants have not satisfied this Court that no issue of fact remains regarding the Eighth Amendment allegations, thus, summary judgment is improper at this time and Count Two will not be dismissed.

Defendants' Personal Involvement:

Defendants Brown and MacFarland also argue that they were not personally involved and, therefore, the only viable theory of liability, respondeat superior, is not actionable.

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48(1988); Pieknick v. Pennsylvania, 36 F.3d. 1250, 1255-56 (3d Cir. 1994).

In addition, local government units and supervisors generally are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n. 8(1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

the injury" complained of); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  Moreover,

> [a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

Rode v. Dellarciprete, 845 F.3d 1195, 1207 (3d Cir. 1988) (citations omitted).

Further, a Section 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."  Monell, 436 U.S. at 690 n.55.  "[I]n an official-capacity action, . . . a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."  Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal quotation marks and citations omitted).

Construing Plaintiff's pleadings liberally, per Mitchell, 318 F.3d at 529, he claims that his requests to address his hygiene issues were denied.  Plaintiff makes many claims that the Defendants knew of his requests, but did nothing.  Plaintiff further claims, for example, that he wrote personal letters to the Defendants, but they did nothing.  Plaintiff also states that

11

"[d]iscovery will produce those facts." (Pl.'s Aff. At 3-4). Thus, Plaintiff satisfies the Rule 12(b)(6) standard.

With regard to a summary judgment motion on this claim, Defendants Brown and MacFarland submit evidence that they had no personal involvement. However, there still remains an issue of fact as to whether or not they were made aware of Plaintiff's alleged claims and did nothing. "Where prison authorities deny reasonable requests for medical treatment. . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest" in violation of the Eighth Amendment. <u>Monmouth County Corr. Inst. Inmate v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987). Thus, the Court believes a genuine issue of material fact exists as to the defendants' knowledge or involvement, if any, particularly in light of Plaintiff's request for discovery on this issue. The motion on this grounds will therefore be denied. Of course, upon completion of discovery, the defendants will be entitled to renew their motion for summary judgment if Plaintiff cannot produce evidence of the Defendant's knowledge or involvement.[3]

<u>Eleventh Amendment and Official Capacity</u>:

Defendants also argue that the Complaint against

---

[3] For the reasons set forth <u>supra</u>, the Defendants' argument that they are entitled to qualified immunity is rejected at this juncture of the proceedings.

Commissioner Devon Brown in his official capacity is barred by the Eleventh Amendment.  Further, Defendant Brown is no longer in office and, thus, Plaintiff's request for injunctive relief as to Defendant Brown is improper.  Defendants' motion on these grounds will be granted.

The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

13

Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) of Title 28 United States Code require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."  In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of Section 1983.  <u>Will v. Michigan Dept. Of State Police</u>, 491 U.S. 58, 64, 70-71 and n.10 (1989); <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).   Moreover, Plaintiffs requests for injunctive relief against Brown are irrelevant because Brown no longer holds his position with the Department of Corrections.

For the foregoing reasons, all damages claims against Defendant Devon Brown in his official capacity will be dismissed with prejudice.

**Conclusion:**

For the aforementioned reasons Defendants Brown and MacFarland's motion for summary judgment will be denied in part and granted in part.

An accompanying Order shall issue this date.

Dated: January 4, 2007         s/Renée Marie Bumb
                               RENÉE MARIE BUMB
                               United States District Judge